USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RUDERSDAL, EOOD, et al.,

                                  Plaintiffs,

                - against -

PHILIP ROBERT HARRIS, et al.,

                                  Defendants.
---------------------------------------------------------------X

18-cv-11072 (GHW) (RWL)
19-cv-01762 (GHW) (RWL)

**ORDER**

Gregory H. Woods, United States District Judge.

This order resolves the letter motions made by certain Defendants at Dkts. 108, 109, 110, 111 and 112 for their claims in Case No. 19-CV-1762 to be severed and dismissed.

On September 30, 2020, the Court issued its Memorandum and Opinion and Order in Case No. 18-CV-11072 (Rudersdal I) dismissing certain defendants for lack of personal jurisdiction. (No. 18-CV-11072, Dkt. 356.) Those defendants are: Eaton Vance Management; Eaton Vance Structured Emerging Markets Equity Funds, LLC; Bulgarian National Bank (together, the "No Jurisdiction Defendants").

On January 28, 2022, the Court issued its Memorandum Opinion and Order in Rudersdal I severing and dismissing without prejudice, on the basis of *forum non conveniens*, the claims of certain remaining defendants. (No. 18-CV-11072, Dkt. 422.) Those defendants are: First Investment Bank, AD; Tseka Todorov Minev; Ivailo Dimitrov Mutafchiev; Tabak Market, AD, a/k/a Lafka Market AD; Cibole Services Incorporated, Bulgaria, EOOD; Asteria BG, EOOD a/k/a Droslian Bulgaria, EOOD; Vili Vist, EAD; Promishleno Stroitelstvo Holding, EA; Delyan Peevski; NSN Investment, EEOD, now known as Intrust PLC; Bank for Foreign Trade of the Russian Federation a/k/a VTB Bank; and Bulgartabac Holding AD (together, the "Severed Defendants").

In February 2022, the No Jurisdiction Defendants and the Severed Defendants filed letter motions requesting that their claims be dismissed or severed and dismissed in No. 19-CV-1762 ("Rudersdal II") because the parties and claims are virtually identical to the parties and claims in Rudersdal I. (*See* Dkts. 99-103.) Plaintiffs filed a letter in response stating that they "do not assert that Judge Woods's two rulings in 18-CV-11072 (ECF 356 and 422) are inapplicable to … [case no.] 19-CV-1762." (Dkt. 104.) The No Jurisdiction Defendants and the Severed Defendants have renewed their requests for the claims against them to be dismissed or severed and dismissed as the case may be. (*See* Dkts. 108-112.) In response, Plaintiff filed a letter reiterating that they "do not assert that Judge Woods's two rulings in 18-CV-11072 (ECF 356 and 422) are inapplicable to … [case no.] 19-CV-1762." (Dkt. 113.)

Accordingly, for the same reasons set forth in the Court's decisions in Rudersdal I: (1) the Court grants the No Jurisdiction Defendants' letter motions, and the claims against each of the No Jurisdiction Defendants in Case No. 19-CV-1762 are dismissed without prejudice; (2) the Court grants the Severed Defendants' letter motions, and, the claims against each of the Severed Defendants in Case No. 19-CV-1762 are hereby severed and dismissed without prejudice for *forum non conveniens*.

SO ORDERED.

Dated:  May 16, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge